# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>LUIS MARTINEZ-EBRA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>) Civil Case No. 25-mc-00012 (GMM-GLS)<br>)<br>)<br>)<br>)<br>) |

## PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America, on behalf of its agency, the Internal Revenue Service, and by its undersigned attorney, avers to this Court as follows:

1. This is a proceeding brought pursuant to the provisions of sections 7402(b) and 7604(a) of Title 26, U.S.C, to judicially enforce an Internal Revenue Service summons.

2. Jean A. Lane is a Revenue Agent of the Internal Revenue Service, employed in Small Business/Self-Employed Compliance Area 7 and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in Section 7602 of Title 26 U.S.C., and Treasury Regulations § 301.7602-1, 26 C.F.R. § 301.7602-1.

3. The Respondent, Luis Martínez-Ebra, resides or is found at 17 Ebano Street, Apt. 504, Guaynabo, Puerto Rico 00968-3105, within the jurisdiction of this Court.

4. Revenue Agent Jean A. Lane is conducting a promoter investigation related to a Puerto Rico Act 60 scheme to organize, advise, and/or facilitate fraudulent or false transactions for their clients to obtain the tax benefits of Puerto Rico Act 60, formerly Puerto Rico Act 20 (outsourcing transaction) and Puerto Rico Act 22 (residency transaction), at the time the subject summons was issued, as is set forth in the Declaration of Revenue

1

Agent Jean A. Lane attached hereto as Exhibit 1.

5. The Respondent, Luis Martínez-Ebra, is in possession and control of testimony concerning the above-described investigation.

6. On June 11, 2024, an Internal Revenue Service summons was issued by Revenue Agent Jean A. Lane directing the Respondent, Luis Martinez-Ebra, to appear before Revenue Agent Jean A. Lane on July 11, 2024, at 11:30 a.m. at City View 2, Suite 2000, 48 Carr 165, Guaynabo, P.R. 00968, to testify. An attested copy of the summons was left at the last and usual place of abode of the Respondent by Javier Cortés, Internal Revenue Agent, on June 13, 2024. The summons is attached and incorporated as Exhibit 2.

7. On July 11, 2024, the Respondent did appear as required by the summons, but refused to fully comply with the summons by failing to respond to all questions posed by Revenue Agent Lane. The Respondent's refusal to respond to questions was based upon an invocation of his Fifth Amendment right to avoid self-incrimination. The Respondent's refusal to comply with the summons continues to date as is set forth in the declaration of Revenue Agent Jean A. Lane attached as Exhibit 1.

8. A summoned witness cannot invoke a blanket Fifth Amendment privilege against testifying or producing documents at an enforcement proceeding but may assert such privilege in response to specific questions asked or specific documents sought by Internal Revenue Service. "A *blanket* objection to the issuance of an IRS summons based on the Fifth Amendment privilege against self-incrimination is not a viable defense." *United States v. Allee*, 888 F.2d 208, 212 (1st Cir. 1989) (*per curiam*) (citing *U.S. v. Riewe*, 676 F.2d 418, 420 fn. 1 (10th Cir. 1982) (collecting cases)). The summoned party is required to appear and claim the privilege "on question-by-question and document-by-document basis." *U.S. v. Davis*, 636 F.2d

1028, 1038 (5th Cir. 1981), *rehearing denied* 645 F.2d 71, *certiorari denied* 454 U.S. 862; *accord*, *Allee*, F.2d at 214.

9. A valid assertion of the Fifth Amendment right against self-incrimination requires the summoned party to "show a reasonable basis both for an expectation of prosecution ... and that the subpoenaed information would be used against him in such a prosecution." *United States v. Harper*, 397 F. Supp. 983, 994–95 (E.D. Pa. 1975); *see also*, *Allee* F.2d at 214 (stating that if the Court has found that a Respondent has interposed such an objection, the Court must also "evaluate the validity of such objection on the same particularized basis."). The Respondent cannot show any basis for an expectation of prosecution or that the subpoenaed information would be used against him in any such prosecution as the government has advised Respondent and his attorneys that the Internal Revenue Service's criminal investigation division is not involved in this case.

10. A "broad, generalized fifth amendment" claim is not sufficient; "a taxpayer seeking the protection of the fifth amendment privilege against self-incrimination must provide more than mere speculative, generalized allegations of possible tax-related criminal prosecution. To invoke the privilege, the taxpayer must be faced with substantial and real hazards of self-incrimination." *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985) (citations omitted). In this case, the Respondent can only assert a speculative, generalized concern about criminal prosecution, and that is not sufficient to justify or validly raise a Fifth Amendment claim.

11. Although a taxpayer may avoid answering questions based on the Fifth Amendment privilege against self-incrimination, "[w]hen the I.R.S. properly issues a summons in support of a civil investigation to determine a taxpayer's legal tax liability, the

mere fact that evidence might be used against the taxpayer in a later criminal prosecution will not support a blanket claim of self-incrimination." *Reis*, 765 F.2d at 1096 (citations omitted); *see also Allee*, 888 F.2d at 212 ("There are some perfectly innocuous questions (and perhaps documents as well), relevant to an IRS inquiry, to which no legitimate Fifth Amendment claim could apply.") (citing *Daly v. United States*, 393 F.2d 873, 878 (8th Cir. 1968)).

12. The answers to the questions posed during the Respondent's interview were not provided during the interview nor have any been provided up to today. The testimony sought by the summons is not already in possession of the Internal Revenue Service.

13. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

14. It is necessary to obtain answers to the questions posed to the Respondent during the interview to properly investigate the Federal tax liability of David Runge as a promoter of the scheme for the years 2013 to present, as is evidenced by the declaration of Revenue Agent Lane attached and incorporated as part of this Petition as Exhibit 1.

WHEREFORE, the Petitioner respectfully prays:

1. That this Court enter an order directing the Respondent, Luis Martínez-Ebra, to show cause, if any, why Respondent should not comply with and obey the aforementioned summons and each and every requirement thereof.

2. That the Court enter an order directing the Respondent, Luis Martínez-Ebra, to obey the aforementioned summons and each and every requirement thereof by ordering the attendance and the responses to the questions called for by the terms of the summons before

Revenue Agent Jean A. Lane or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Agent Jean A. Lane, or any other proper officer or employee of the Internal Revenue Service.

    3. That the United States recover its costs in filing this civil enforcement action.

    4. That the Court grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico on January 22, 2025.

                                  W. STEPHEN MULDROW
                                  United States Attorney

                                  s/ *Desirée Laborde-Sanfiorenzo*
                                  Desirée Laborde-Sanfiorenzo
                                  Assistant United States Attorney
                                  USDC-PR No.: 208110
                                  Torre Chardón, Suite 1201
                                  #350 Chardón Street
                                  San Juan, PR 00918
                                  Telephone: 787-766-5656
                                  Fax: 787-766-6219
                                  desiree.laborde@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA, )
    Petitioner, )
     )
v. ) Civil Case No. 25-mc-00012 (GMM-GLS)
     )
LUIS MARTINEZ-EBRA, )
     )
    Respondent. )

## ORDER TO SHOW CAUSE

Upon the Petition, the Exhibit(s) attached thereto, the declaration of Jean A. Lane of the Internal Revenue Service, and upon the motion of the United States of America, on behalf of the Internal Revenue Service, it is ORDERED that Respondent, Luis Martínez-Ebra, appear before the United States District Court for the District of Puerto Rico presided over by the undersigned, in their courtroom in the United States Courthouse in _____ on the _____ day of _____, _____ , at _____, to show cause why Respondent should not be compelled to obey the Internal Revenue Service summons served upon Respondent on June 13, 2024.

It is further ORDERED that a copy of this Order, together with the Petition and Exhibit(s) thereto, be personally served on Luis Martinez-Ebra by an official of the Internal Revenue Service within thirty (30) days of the date of this Order.

It is further ORDERED within 5 days of service of copies of this Order, the Petition and Exhibit(s), the Respondent shall file and serve a written response to the Petition supported by appropriate affidavits, as well as any motions the Respondent desires to make. All motions and issues raised by the pleadings will be considered on the return date of this Order. Only those issues raised by motion or brought into controversy by the responsive pleadings and supported by affidavit will be considered at the return of this Order. Any uncontested allegation(s) in the Petition shall be considered admitted.

Entered this ___ day of _____, _____ .

BY THE COURT:

_____
JUDGE, UNITED STATES DISTRICT COURT

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Case No. 25-mc-00012 (GMM-GLS) |
| ) | |
| LUIS MARTINEZ-EBRA, ) | |
| ) | |
| Respondent. ) | |

**DECLARATION OF REVENUE AGENT JEAN A. LANE IN SUPPORT OF PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**

I, Jean A. Lane, pursuant to 28 U.S.C. § 1746, declare and state:

1. I am a duly-commissioned Revenue Agent employed in the Small Business/Self-Employed Division of the office of the Internal Revenue Service at Chesterfield, Missouri.

2. In my capacity as a Revenue Agent, I am conducting a promoter investigation related to a Puerto Rico Act 60 scheme to organize, advise, and/or facilitate fraudulent or false transactions for their clients to obtain the tax benefits of Puerto Rico Act 60, formerly Puerto Rico Act 20 (outsourcing transaction) and Puerto Rico Act 22 (residency transaction), and the related Federal tax liability of David Runge as a promoter of the scheme for the years 2013 to present.

3. In furtherance of the above investigation and in accordance with section 7602 of Title 26, U.S.C., I issued on June 11, 2024, an administrative summons, Internal Revenue Service Form 2039, to Luis Martinez-Ebra, to give testimony as described in said summons.

4. I have been advised by Revenue Agent Javier Cortes that on June 13, 2024, in accordance with section 7603 of Title 26, U.S.C., and at my request, he served an attested copy of the Internal Revenue Service summons described in paragraph 3 above on the Respondent, Luis Martinez-Ebra, by leaving a copy of the summons, which contained the attestation required by 26 U.S.C. § 7603, at the last and usual place of abode of Luis Martinez-Ebra. This is further evidenced in the certificate of service attached to the summons.

5. On June 14, 2024, I served the notice required by section 7609(a) of Title 26, U. S.C., on David Runge, sent by registered or certified mail, as evidenced in the certificate of service of notice on the certificate of service of notice attached to the summons.

8. On July 11, 2024, the Respondent, Luis Martinez-Ebra, appeared to testify in response to the summons, but refused to answer certain questions posed to him. The respondent's refusal to comply with the summons continues to the date of this declaration.

9. The testimony sought by the summons is not already in the possession of the Internal Revenue Service.

10. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

11. It is necessary to obtain the testimony sought by the summons in order to properly investigate the Federal tax liability of David Runge as a promoter of the scheme for the years 2013 to present.

12. The Internal Revenue Service has not made any recommendation for criminal prosecution of Luis Martinez-Ebra.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th of December, 2024.

Jean A. Lane
Digitally signed by Jean A. Lane
Date: 2024.12.11 09:06:22 -06'00'

Jean A. Lane
Revenue Agent, I.R.S.

Exhibit 2

# Summons

In the matter of  Liability of David Runge under 26 USC Secs. 6694, 6695, 6700, 6701, 6707 and 6708
Internal Revenue Service *(division)*  Small Business- Self-Employed
Industry/Area *(name or number)*  Southwest Area Examination ATI Territory: Group 7
Periods  January 1, 2013 through the date of compliance with this summons

## The Commissioner of Internal Revenue

To  Luis Martinez Ebra
At  17 Calle Ebano Apt. 504, Guaynabo, PR 00968-3105

You are hereby summoned and required to appear before  Jean Lane, or her designee
an officer of the Internal Revenue Service, to give testimony relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

| Signature of IRS officer serving the summons | Title |
|---|---|
| *[signature]* | Internal Revenue Agent |

Business address and telephone number of IRS officer before whom you are to appear
1122 Town & Country Commons, Chesterfield, MO  63017  Cell: 636-579-4797  Desk: 636-255-1384

**Place and time for appearance at**  IRS City View 2, Suite 2000, 48 Carr 165, Guaynabo, PR 00968

on the  11th  day of  July  , 2024  at  11:30  o'clock a  .m.
   *(year)*
Issued under authority of the Internal Revenue Code this  11th  day of  June  , 2024
                                                                                   *(year)*

| Signature of issuing officer | Title |
|---|---|
| Jean A. Lane  Digitally signed by Jean A. Lane  Date: 2024.06.11 12:02:57 -05'00' | Lead Revenue Agent |
| Signature of approving officer *(if applicable)*  Erika M. Ramirez Castillo  2024.06.12 14:48:32 -07'00' | Title  Supervisory Internal Revenue Agent |

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - Internal Revenue Service
Part A — to be given to person summoned

# Service of Summons, Notice and Recordkeeper Certificates
(Pursuant to Section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on

| Date | Time |
|---|---|
| June 13, 2024 | 9:48 am |

**How Summons Was Served**

☐ 1. I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed

☒ 2. I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any) _____

☐ 3. I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address  Luis Martinez Ebra

17 Calle Ebano Apt. 504, Guaynabo, PR 00968-3105

☐ 4. I certify that I served a copy of the summons, which contained the attestation required by § 7603, by a method not listed above that is in conformity with established IRS procedures to the person to whom it was directed and with the consent of the witness, (e.g. facsimile transmission)

| Signature | Title |
|---|---|
| [signed] | Internal Revenue Agent |

5. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

| Date of giving notice | Time |
|---|---|
| 6/14/2024 | 4:00pm |

**Name of noticee**

David Runge

**Address of noticee** (if mailed)

1701 15th Street, Unit 301, Boulder, CO 80302-6313 and 2525 Arapahoe Ave., Unit E4-145, Boulder, CO 80302

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any)

☐ I gave notice by handing it to the noticee

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned

☐ No notice is required

| Signature | Title |
|---|---|
| Joan Lane | Lead Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| Joan Lane | Lead Revenue Agent |