# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Case No. 25-mc-00012 (GMM-GLS) |
| | ) |
| LUIS MARTINEZ-EBRA, | ) |
| | ) |
| Respondent. | ) |

## PROVISIONAL RESPONSE TO PETITION

Respondent, Luis Martinez-Ebra, respectfully submits this response to the Petition to Enforce Internal Revenue Service Summons (the "Response") with a request that this Court accept the Response if it does not grant his request, filed concurrently herewith, for leave to file an amended and/or supplemental Response.

In response to the Petition, Respondent states:

1. Admits.

2. Denies for lack of sufficient knowledge or information.

3. Admits.

4. Admits.

5. Denies for lack of sufficient knowledge or information.

6. Denies for lack of sufficient knowledge or information.

7. Admits that Respondent appeared on July 11, 2024. For his response to assertions about his statements during the interview, Respondent states that during the summons interview he answered approximately 29 questions, specifically asserted his Fifth Amendment rights as to approximately 66 questions, and declined to answer one question on separate

grounds. Respondent denies all allegations of this paragraph except as specifically admitted or stated herein.

8. Paragraph 8 states conclusions of law to which a response is not required. To the extent a response is required, Respondent denies that the cases cited in this sentence support Petitioner's position in this matter. Respondent specifically denies that he made a blanket Fifth Amendment objection to the summons herein and states that the allegations of Paragraph 7 on their face refute that allegation. On the contrary, Respondent appeared and claimed the privilege on a question-by-question basis.

9. Paragraph 9 states conclusions of law to which a response is not required. Further answering, Respondent specifically denies the allegations set forth in the second paragraph of paragraph 8. Further answering, Respondent states that there is a reasonable possibility that his answers to the questions could expose him to prosecution, because (a) it is not uncommon for the IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; and (c) the Petition itself uses the terms "scheme," "fraudulent" and "false". (Petition at ¶ 4).

10. Paragraph 10 states conclusions of law to which a response is not required. To the extent a response is required, Respondent states that the case cited in this paragraph does not support Petitioner's position in this matter and does not apply to the facts of this case. Respondent specifically denies that the case cited in this paragraph articulates the applicable legal standard in the First Circuit. Respondent specifically denies the last sentence of this paragraph and states that there is a reasonable possibility that his answers to the questions could expose him to prosecution, because (a) it is not uncommon for the

IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; and (c) the Petition itself uses the terms "scheme," "fraudulent" and "false". (Petition at ¶ 4).

11. Paragraph 11 states conclusions of law to which a response is not required. To the extent a response is required, Respondent incorporates by reference herein his response to paragraph 10, above, except to recognize that the *Allee* case (along with all subsequent First Circuit caselaw) is applicable to this matter.

12. Denies the allegation that "answers to the questions" were not provided. Denies the allegation of the second sentence of this paragraph for lack of sufficient knowledge or information.

13. Denies for lack of sufficient knowledge or information.

14. Denies for lack of sufficient knowledge or information.

## DEFENSES

15. The summons improperly seeks to compel Respondent to give testimony in violation of his Fifth Amendment privilege against self-incrimination. Respondent appeared for the summons interview and properly asserted his Fifth Amendment privilege against self-incrimination with respect to specific questions posed by Revenue Agent Lane. *See United States v. Allee*, 888 F.2d 208, 212-13 (1st Cir. 1989) (recipient of a summons properly must appear before the IRS agent and claim the privilege on a question-by-question and document-by-document basis).

16. The Petition in this case fails to identify the specific questions as to which Petitioner believes Respondent improperly refused to answer and as to which Petitioner would like the Court to order Respondent to answer. Accordingly, the Petition fails to allege facts upon which this Court can grant relief and must be dismissed.

17. Enforcement of the summons would be an abuse of this Court's process.

18. Petitioner has available to it an alternative procedure for obtaining the testimony it desires without violating Respondent's Fifth Amendment rights, and Respondent has, through his counsel, offered to cooperate with Petitioner in utilizing this procedure. Specifically, Petitioner may obtain an immunity order pursuant to 18 U.S.C. § 6004. The IRS, however, has informed Respondent of its refusal to attempt to avail itself of that alternative.

19. This Court should award Respondent, pursuant to 26 U.S.C. § 7430, a judgment for reasonable litigation costs incurred herein because Petitioner's position herein is not substantially justified.

20. Respondent submits as Exhibit A hereto and incorporates herein by reference the Declaration of Michelle Schwerin.

WHEREFORE, Respondent respectfully requests that that the Court dismiss the Petition and deny Petitioner's request for relief because Respondent has already satisfied his obligations under the Summons, Petitioner has failed to specifically identify the questions for which the IRS seeks responses, and Respondent has properly asserted his Fifth Amendment rights under the United States Constitution; that the Court deny Petitioner's request for an award of costs incurred in maintaining this action; that the Court award to Respondent a judgment pursuant to 26 U.S.C.

§ 7430 for his litigation costs incurred herein; and grant such other relief as is it deems just and proper.

Alternatively, Respondent requests that the Court conduct an *in camera* hearing with respect to Respondent's assertion of his Fifth Amendment rights guaranteed under the United States Constitution.

Date:   February 18, 2025

Respectfully submitted,

Luis Martinez Ebra
luismartinezebra@gmail.com
(787)406-4737

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of February, a copy of the foregoing was sent to Assistant United States Attorney Desiree Laborde-Sanfiorenzo by email to desiree.laborde@usdoj.gov.

Michelle Schwerin