IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America, | ) |
|     Petitioner, | ) Case No. 25-mc-00012-GMM-GLS |
| v. | ) |
| Luis Martinez-Ebra, | ) |
|     Respondent. | ) |

**United States' Motion to Strike Attorney Affidavit**

The United States moves to strike the declaration of Michelle Schwerin, Respondent's attorney in this proceeding,[1] because it is irrelevant to the Court's duty to make a "particularized inquiry"[2] as to Respondent's claimed fear of prosecution and the incriminatory nature of the unanswered questions. In addition, an attorney is not permitted to participate as a trial advocate on a case in which she is a witness. Since the affidavit and exhibits are irrelevant to the Court's determination and Respondent's attorney cannot serve as both witness and advocate, the United States' motion should be granted.

## Background

Respondent is a former employee of suspected tax-shelter promoter David Runge and was summonsed for an interview relating to an IRS investigation of Mr.

---

[1] Dkt. 22-1.
[2] *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997) (citing *United States v. Pratt*, 913 F.2d 982, 990 (1st Cir. 1990).

Runge. At the IRS interview, Respondent declined to answer approximately 66 of the IRS's 96 questions by asserting the Fifth Amendment privilege.[3] Respondent has now been ordered to show cause that he has validly asserted the Fifth Amendment. In response to the Court's order, Respondent provided a declaration by his attorney generally describing the attorney's interactions with the IRS and impressions of Respondent's participation in the summons interview.[4] However, Respondent has not produced any evidence on which the Court could conclude that his reliance on the Fifth Amendment is tenable – which is his burden in this case.

Respondent must prove the existence of a valid Fifth Amendment privilege as to each unanswered question.[5] Respondent must show that he was "'confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination.'"[6] The privilege against self-incrimination "protects against real dangers, not remote and speculative possibilities."[7] Otherwise, former employees of suspected wrongdoers, like Respondent, could simply rely on the remote possibility of their own prosecution to avoid answering questions. This is particularly true where, as here, a summonsed party broadly asserts privilege to avoid answering questions that cannot possibly incriminate him, such as "how

---

[3] Dkt. 22-1 at ¶ 11.
[4] *Id.*
[5] *See In re Grand Jury Subpoena*, 973 F.2d 45, 50 (1st Cir. 1992) (per curiam).
[6] *United States v. Doe*, 465 U.S. 605, 614 n.13 (1984) (citing *Marchetti v. United States*, 390 U.S. 53 (1968)) (internal quotations omitted).
[7] *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 479 (1972).

many hours a week did you perform services for TLS?"[8] The protection of the Fifth Amendment is not "available to all comers in all circumstances merely because they have the presence of mind to chant the accepted constitutional liturgy." Instead, "the prospective *witness* [not the witness's attorney] must show at the very least that he is faced with some authentic danger of incrimination."[9]

Respondent has not submitted any evidence that justify his assertions of the Fifth Amendment or show that he faces an "authentic danger of incrimination."[10] Instead, Respondent attempts to meet his burden, not through his own testimony, but a self-serving attorney affidavit with irrelevant attachments. That declaration is based largely on hearsay and provides no basis for the Court to determine that Respondent's Fifth Amendment assertion is valid as to any or all of the questions that he declined to answer.

Respondent's attempt to justify his assertion of privilege through an attorney affidavit should be rejected by the Court and the attorney's declaration and its attachments stricken from the record. In addition, Respondent's attorney should be prohibited from offering any further testimony or otherwise acting as a fact witness at the summons-enforcement hearing.

---

[8] ECF No. 24-1 at 2.
[9] *Castro*, 129 F.3d at 229 (italics and bracketed language added).
[10] *Id.*

## Legal Argument

**1. The attorney declaration is irrelevant to the show cause order.**

Even if the submission of his attorney's fact declaration were permissible, the information provided by Respondent does not aid the Court in evaluating his assertions of privilege. An IRS summons is subject to traditional privileges, including the Fifth Amendment privilege against compulsory self-incrimination.[11] Accordingly, Respondent was required to, and did, appear before an IRS agent and claim the privilege on a question-by-question basis.[12] Since the United States has established the *Powell* factors, the burden has now shifted to Respondent to disprove one or more of the factors or to show that enforcement of the summons would be an abuse of process, for example, due to the existence of a valid privilege.[13] It is now for the Court to "evaluate the validity of such objection on the same particularized basis."[14]

Here, the Schwerin Declaration and its attachments provide no information on which to make the question-by-question determination as to the applicability of the privilege.[15] That is, Respondent's attorney's experience as a tax practitioner,

---

[11] *United States v. LaMotte*, No. 15-mc-93017-MGM, 2016 WL 2731623, at *3 (D. Mass. Apr. 19, 2016) (quoting *Sugarloaf Funding, LLC v. U.S. Dep't of the Treasury,* 584 F.3d 340, 346 (1st Cir. 2009)).
[12] *Id.* at *3 (citing *United States v. Allee*, 888 F.2d 208, 214 (1st Cir. 1989)).
[13] *Sugarloaf*, 584 F.3d at 346.
[14] *Alee*, 888 F.2d at 214.
[15] *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 129 (1st Cir. 2011).

understanding of the IRS's practices, and hearsay testimony of the circumstances surrounding Respondent's assertion of privilege are irrelevant to whether the asserted privilege attaches to each question. His attorney's attestation that he "listened to each question presented to him, considered the questions and decided whether to provide a substantive response or assert and privilege and decline to answer," and then declined to answer nearly 70 % of the IRS's questions,[16] does not provide any evidence to establish Respondent's burden. And hearsay documents that show that the IRS has investigated suspected promotors of Puerto Rico Act 60 schemes like Runge do not establish that Respondent (an employee of Runge) faced some authentic danger of incrimination. Accordingly, the Schwerin Declaration should be stricken as irrelevant.

## 2. The declaration should be stricken from the record as improper.

The Schwerin Declaration also is improper. An attorney affidavit is generally used to provide a court with documents and other evidence, for purposes of establishing a record, and should not be used as a "vehicle to lobby the court."[17]

---

[16] ECF No. 22-1 at ¶¶ 10-11.
[17] *Internet Law Library, Inc. v. Southridge Capital Mgmt., L.L.C.*, No. 01 Civ. 6600(RLC), 2005 U.S. Dist. LEXIS 32299 *9, 2005 WL 3370542 *3 (S.D.N.Y. Dec. 12, 2005) (granting motion to strike attorney affidavit because "[a]n attorney's affidavit is typically used to present documents to the court and should not be used as counsel's personal vehicle to lobby the court") (citing *Universal Film Exchs., Inc. v. Walter Reade, Inc*., 37 F.R.D. 4, 5 (S.D.N.Y. 1965)); *Cremaldi v. Wells Fargo Bank, N.A*., No. 13-cv-11767-MLW, 2017 WL 1190377, at *4 (D. Mass. Mar. 30, 2017) (denying motion to strike affidavit of attorney when used only to authenticate documents and not as to contents of documents); *McIntyre v. United States*, No. 01-cv-10408-RCL, 2006 WL 8458066, at *8 (D. Mass. May 18, 2006) (declining to strike attorney affidavits stating that documents are part of the record and describing same as "a well-establihed convention").

A declaration like this one, that improperly includes unsupported facts, legal arguments, or evidence that is not otherwise admissible, may be stricken at the court's discretion.[18]

A movant "must specify the objectionable portions of the affidavit and the specific grounds for objection,"[19] Here, the United States objects to the Declaration of Michelle Schwerin in its entirety. In her affidavit, Respondent's attorney attempts to invade the province of the Court and instruct the Court about Puerto Rican tax incentives and efforts by the IRS and the Department of Justice to determine whether certain transactions related to those incentives are abusive;[20] offers opinion evidence based on her "experience as a tax practitioner and … understanding of the IRS's practices" regarding the IRS enforcement efforts;[21] and swears to facts at issue (Respondent's employment, Respondent's request for an immunity order, questions asked and answered, and other items).[22] None of this information is appropriate for inclusion in an attorney affidavit.

What is more, Respondent's attorney cannot serve as a fact witness while representing Respondent in this proceeding. The declarant notified the Court of her

---

[18] *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a bona fide affidavit"); *Universal Film Exchs., Inc. v. Walter Reade, Inc.*, 37 F.R.D. 4, 5–6 (S.D.N.Y. 1965).
[19] *Facey v. Dickhaut*, 91 F. Supp. 3d 12, 19–20 (D. Mass. 2014) (citation omitted).
[20] Dkt. 22-1, ¶¶ 2-3.
[21] Dkt. 22-1, ¶ 4.
[22] Dkt. 22-1. In some instances, Respondent's lawyer avers to items based on "information and belief."

appearance as counsel for Respondent on March 4, 2025.[23] The Court's electronic filing system reflects that the declarant filed the Respondent's response to the show-cause order and motion to dismiss the petition, and also signed the Respondent's reply brief and motion seeking an informal status conference.[24] Courts "generally frown on" attorneys serving as both fact witnesses and counsel in a case.[25] Indeed, ABA Model Rule 3.7, adopted in the ethics rules of most state bars (including Puerto Rico's Canons of Professional Ethics), prohibits an attorney from serving both as witness and trial advocate in the same action.[26]

Another session of this Court considered the issue of an attorney serving as both a fact witness and counsel in *Taboas v. Fiddler, Gonzalez & Rodriguez, PSC*.[27] In *Taboas*, the Court found that ABA Model Rule 3.7 permits an attorney to take a deposition of a plaintiff but prohibits the attorney from participating as a trial advocate on a case in which he is likely to be a necessary fact witness. The Court there relied upon *Hill v. Culebra Conservation and Development Authority*,[28]

---

[23] ECF No. 19.
[24] ECF Nos. 22, 23, 26, 27.
[25] *Gen. Electric Capital Corp. v. Wells Fargo Bank, Natl. Assn.*, No. 4:09-CV-0133-HLM, 2010 WL 11597655, at *1 (N.D. Ga. Aug. 4, 2010).
[26] *See, e.g.,* Canon 22 ("The Lawyer as a Witness"), Puerto Rico Canons of Professional Ethics (2005, amend. 2013); *Mills v. Caruso*, No. 1:09-cv-249, 2010 WL 1254576, at *2 (W.D. Mich. Mar. 26, 2010) (disregarding attorney affidavit in opposition to summary judgment under Rule 3.7 of the Michigan Rules of Professional Conduct); *In re Mackey*, Adv. No. 09-3109, 2013 WL 392449, at *2 (Bankr. N.D. Ohio Jan. 31, 2013) (striking attorney affidavit in support of summary judgment under Rule 3.7 of Ohio Rules of Professional Conduct).
[27] 959 F. Supp. 2d 225, 225 (D. P.R. 2013).
[28] 599 F.Supp.2d 88, 95 (D. P.R. 2009).

which, in turn, cited *Culebras Enterprises Corp. v. Rivera–Rios*,[29] for the proposition that Rule 3.7 does not bar an attorney-witness's participation in "behind-the-scenes work for the client in the same case," such as "pre-trial discovery and such services in aid of trial as legal research and brief-writing."[30]

But Respondent's counsel here has provided far more than behind-the-scenes work. Serving as Respondent's primary advocate in this proceeding, she also submits an affidavit of fact that is the sole evidence in support of Respondent's assertion of privilege. In that declaration, she is vouching for her own credibility (noting her experience as a "tax practitioner"); injecting her personal belief about her client's fear of prosecution into argument; and invading the province of the Court on the ultimate issue, namely, whether Respondent's fear of prosecution is genuine and justifies his assertion of privilege 67 times. The Schwerin Declaration states her *legal opinion* regarding potential prosecution based on her "experience as a tax practitioner and…understanding of the IRS's practices."[31] Respondent's counsel also states facts at issue (such as Respondent's employment, Runge's role, what was asked and answered at the meeting) based on her own perception and participation in the case. Under Rule 3.7, Respondent's counsel can serve as either a fact witness or advocate – not both.

---

[29] 846 F.2d 94, 101 (1st Cir. 1988).
[30] *Taboas*, 959 F. Supp. 2d at 226-27 (quoting *Cuelbras Enterps. Corp.*, 846 F.2d at 100).
[31] Dkt. 22-1 at ¶ 4.

## Conclusion

For the reasons set forth above, the United States' motion should be granted, the attorney affidavit stricken in its entirety, and Respondent's attorney should be prohibited from offering any further testimony or otherwise acting as a fact witness at the summons-enforcement hearing.

Dated: March 28, 2025

/s/ Michael R. Pahl
MICHAEL R. PAHL
PR No. G04214
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
P: (202) 598-5863
michael.r.pahl@usdoj.gov
*Attorney for United States of America*

## Certificate of Service

I hereby certify that on March 28, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defense counsel.

s/Michael R. Pahl
Michael R. Pahl
Attorney for the United States