IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Case No. 25-mc-00012 (GMM-GLS) |
| | ) |
| LUIS MARTINEZ-EBRA, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S MEMORANDUM IN OPPOSITION
TO PETITIONER'S MOTION TO STRIKE AFFIDAVIT**

Respondent, Luis Martinez-Ebra, by and through his undersigned counsel, respectfully urges the Court to deny United States' Motion to Strike Attorney Affidavit (Doc. 29) (the "Motion").

The Motion specifically asks this Court for two forms of relief. First, the Motion asks the Court to strike in its entirety an affidavit (actually, a declaration, and hereinafter referred to as the "Declaration") of Respondent's attorney, Michelle Schwerin, *see* Motion at p. 9, which was attached as Exhibit A to Respondent's Amended Response to the Petition ("Response") filed by Petitioner in this matter. *See* Response (Doc. 22) and Exhibit A to Response (Doc. 22-1). This Court should deny this relief because the Declaration, with minor exceptions described below, states undisputed and/or background facts and transmits documents. To the extent the Declaration states legal conclusions or arguments, such conclusions and arguments were included to provide context for the documents being transmitted; Respondent does not ask the Court to, and does not expect that the Court will, treat those conclusions or arguments as factual evidence.

Second, the Motion asks the Court to prohibit Ms. Schwerin "from offering any further testimony or otherwise acting as a fact witness at the summons-enforcement hearing." Motion at p. 9. This Court should deny as moot this relief because Respondent has no intention of offering testimony from Ms. Schwerin, and no intention of calling Ms. Schwerin as a fact witness at any summons-enforcement hearing that may be held in this matter.

## DISCUSSION

This Court should not strike the Declaration to the extent the Declaration states facts that are not in dispute. The following chart sets forth where in the record Petitioner itself has asserted many of the statements set forth in the Declaration:

| Declaration Paragraph | Statement | Petitioner's Agreement |
|---|---|---|
| 1 | Ms. Schwerin was one of the attorneys representing Respondent at the summons interview | Memorandum of Summons Interview (Doc. 24-1) ("MOI") at p. 1 |
| 5 | Respondent formerly employed by TLS | MOI at pp. 1- 2 |
| 6 | Respondent received a summons for testimony relating to an IRS investigation "In the matter of Liability of David Runge under 26 USC Secs. 6694, 6695, 6700, 6701, 6707, and 6708" | Summons, Doc. 3 at p. 11 (Exhibit 2) |
| 7 | Upon information and belief, David Runge was an owner of TLS while Respondent worked there | MOI at p.1 (Runge hired Respondent) |
| 8 | The summons was signed by Revenue Agent Jean Lane | Summons, Doc. 3 at p. 11 (Exhibit 2) |
| 9 | Respondent appeared for his summons interview on July 11, 2024 with his attorneys present via Zoom | Petition (Doc. 3) at ¶ 7; MOI at p. 1 |
| 10 | Respondent listened to questions, considered them and decided to answer or assert privilege | MOI at pp. 2-5; Petition at ¶ 7. |
| 11 | Respondent provided substantive answers to approximately 29 questions, asserted the 5th Amendment to approximately 66 questions. | MOI at pp. 2-12; Motion at p. 2. |

2

With respect to paragraphs 12 and 13 of the Declaration, both of which relate to discussions between Ms. Schwerin and her co-counsel on the one hand and the Revenue Agent on the other hand, Petitioner's filings do not directly corroborate those statements. Respondent, however, respectfully suggests that the accuracy of these statements is not seriously in dispute.

This Court should not strike Paragraph 3 of the Declaration because that paragraph is a vehicle to transmit to the Court the documents attached the Declaration at Exhibit 1. "An attorney affidavit is generally used to provide a court with documents and other evidence, for purposes of establishing a record." Motion at p. 5. And paragraph 3 serves precisely this function. Exhibit 1 contains, for the most part, public pronouncements of the Internal Revenue Service and the Department of Justice. *See* Exhibit 1 to Declaration, Exhibit 25-1 at pp. 6-7 (IRS's Internal Revenue Manual); 8-9 (DOJ Press Release); 10-27 (IRS Training Material on Puerto Rico Acts 20/22); 28-31 (IRS website page on Large Business & International active campaigns). The remainder of Exhibit 1 consists of two news articles describing IRS enforcement efforts relative to Puerto Rico Acts 20, 22 and 60. See e.g., *Montilla v. Federal National Mortgage Association*, 999 F.3d 751, 760 at n.8 (1st Cir., 2022) (applying Fed. R. Evid. 201 to take judicial notice of events described in a proffered news articles and documents posted on U.S Department of Treasury website). "Matters of public record. . . which include material on government websites, . . . are generally subject to judicial notice." *Pietrantoni v. Corcept Therapeutics Inc.*, 640 F. Supp. 3d 197, 204–05 (D. Mass. 2022) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 15-16 -- *205 and *Gent v. Cuna Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010)). *See also id.* at 205 (citing a series of First Circuit cases taking judicial notice of information posted on the FDA's website); *Melino v. Bos. Med. Ctr.,* 127 F.4th 391, 394 n.1 and 397 (1st Cir. 2025) (taking judicial notice of the "substance of the CDC's recommendations"

3

listed on its website). These items are relevant, not to establishing facts unique to Respondent's case, but to supporting Respondent's legal argument that his invocation of the Fifth Amendment was well-taken. *Pietrantoni,* 640 F.Supp. 3d at 205 ("it is only appropriate, however, to take judicial notice of government records for the fact that they exist or contain certain information and not for the truth of the facts asserted within them").

Respondent acknowledges that the two remaining paragraphs in the Declaration constitute a statement as to the law (paragraph 2) and an argument as to Respondent's view of the IRS's attitude towards, and methods of combatting, transactions the government views as abusive (paragraph 4). Respondent does not intend that the Court accept these paragraphs as factual evidence. Rather, Respondent asks the Court to recognize these paragraphs as support for Respondent's contention that she appropriately invoked his Fifth Amendment rights at his summons interview.

WHEREFORE, Respondent respectfully requests that this Court deny Petitioner's Motion.

Date: April 11, 2025

Respectfully submitted,

**NEILL SCHWERIN BOXERMAN, P.C.**

By: */s/ Sanford J. Boxerman*
Sanford J. Boxerman #34736MO
Michelle Feit Schwerin #62882MO
120 S. Central Avenue, Ste 725
St. Louis, MO 63105
Telephone: (314) 949-1864
Facsimile: (314 949-1864
boxerman@nsbpc.com
schwerin@nsbpc.com

**MBA LAW**
By:  /s/ *Mayte Bayolo-Alonso*
Mayte Bayolo-Alonso USDC No. 308109
PO Box 11204
San Juan, PR 00910
Telephone: (787)448-5544
maytebayololaw@gmail.com