IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 25-mc-00012-GMM-GLS |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Luis Martinez-Ebra, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**United States' Response to Court Request
Regarding TLS Management & Marketing Services, LLC's Filing**

**Question Presented:**

Does the filing by TLS Management & Marketing Services, LLC ("TLS"), ECF No. 28, moot the United States' motion to compel as to any questions posed to Respondent Luis Martinez-Ebra by the IRS?

**Answer:**

No. Respondent is not an attorney and therefore is not entitled to refuse to answer questions posed to him on the basis of the attorney-client privilege. In addition, Respondent did not assert the attorney-client privilege as the basis to refuse answering any of the questions that are the subject of this motion to compel.

**Discussion**

At the status conference, the Court asked government counsel to provide a written response to address whether the filing by TLS mooted the Government's

motion to compel as to any questions posed to Respondent by the IRS.

Respondent, a former employee of TLS, refused to answer 58 questions asked of him by the IRS, asserting his Fifth Amendment right against self-incrimination and a non-disclosure agreement.[1] During the interview, Respondent stated that he was employed as a finance director for TLS and did not assert the attorney-client privilege as the basis for his refusal to answer any question.[2]

TLS, through Respondent, filed a declaration and letter in this case.[3] Those submissions purport to serve as notice that TLS "does not waive [the attorney-client] privilege or any other applicable privilege or immunity with respect to [Respondent's] summonsed testimony."[4] The submission does not contain any information to suggest that Respondent is an attorney, that he engaged in attorney-client privileged communications with TLS, or that those communications were sought by the IRS in its summons interview.[5] Accordingly, TLS's submission does not moot the Government's motion to compel answer to any of the questions posed to Respondent by the IRS.

---

[1] Dkt. 24 (supplemental declaration) and Dkt. 24-1 (Ex. 3, IRS Memorandum of Interview).
[2] *Id.*
[3] Dkt. 28 and 28-1.
[4] Dkt. 28-1 at ¶ 7.
[5] *Id.*

| | |
|---|---|
| Dated: April 21, 2025 | /s/ Michael R. Pahl |
| | MICHAEL R. PAHL |
| | PR No. G04214 |
| | Trial Attorney, Tax Division |
| | U.S. Department of Justice |
| | P.O. Box 7238 |
| | Washington, D.C. 20044 |
| | P: (202) 598-5863 |
| | michael.r.pahl@usdoj.gov |
| | |
| | Attorney for the United States |

## Certificate of Service

I hereby certify that on April 21, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defense counsel.

s/Michael R. Pahl
Michael R. Pahl
Attorney for the United States
